**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | Case No. 12 CR 1010 |
| v. | Judge Harry D. Leinenweber |
| **CARLOS AVALOS,** | |
| Defendant. | |

# ORDER

Before the Court is Defendant Carlos Avalos' Motion for Relief from Judgment [ECF No. 68]. For the reasons stated herein, the Motion is denied.

# STATEMENT

The most immediate issue in this case was to decipher what Avalos is trying to accomplish with his *pro se* Motion. The Court understands that Avalos is drawing attention to the fact that the Court previously corrected a clerical error in the Judgment entered against him. *See,* ECF No. 44 (Agreed Order Correcting Sentence). The correction resulted in an adjustment of Avalos's sentence downwards, from an incorrectly computed 30 months to seven months and 22 days, or the time Avalos has already served in federal custody. *Id*. Yet in this Motion, Avalos seems to argue that he should have the 30-months sentence reinstated, asserting that "[t]his very Honorable Court can't alter the term of 30 months of imprisonment."

The Court ultimately concludes that it cannot entertain Avalos's Motion. This is regardless of whether Avalos is

complaining about the 7 months and 22 days sentence this Court imposed in July 2015 or a new sentence that a district court of the Southern District of Texas imposed in June 2016.

## **BACKGROUND**

This Court first sentenced Avalos on October 23, 2014 for illegal entry into the United States. *See,* ECF Nos. 37-38. The Court imposed a below-guidelines sentence of 30 months on the understanding that Avalos would be credited for time served in federal custody prior to his sentencing. *See,* ECF No. 41 (Sentencing Hr'g Tr.) at 11:10-20 and ECF No. 44 (Agreed Order Correcting Sentence). However, it turned out that the Bureau of Prisons did not credit Avalos with all the time that he was in federal custody. When this was brought to the attention of the Court, it corrected the sentence to reflect its original intent as to how long Avalos should be imprisoned. *See,* ECF No. 56 (Resentencing Hr'g Tr.) and Agreed Order Correcting Sentence. With the consent of both parties, this amended sentence was set at seven months and 22 days. *Id.* and ECF No. 45 (Amended Judgment). Avalos was released immediately from prison thereafter.

In correcting the sentence, the Court specifically noted that "All remaining aspects of the sentencing order entered on October 23, 2014 remain unchanged." Agreed Order Correcting Sentence. This means that the term of supervised release remains in effect. The Amended Judgment itself stated that "Upon release from imprisonment, the defendant shall be on supervised release for a term of TWO (2) YEARS." Avalos initially appealed the Amended Judgment but then voluntarily dismissed his appeal with prejudice on January 19, 2016. *See, United States v. Avalos,* No. 15-2581, Nos. 19-20 (7th Cir 2016).

The Court did not hear anything more in the case until February 4, 2016. At that time, it received a report from Avalos's probation officer. The probation officer informed the Court that Avalos had been arrested in Texas for yet another illegal entry into the United States. *See,* ECF No. 60. The officer requested that the Court transfer jurisdiction over Avalos's supervised release to the District Court of Southern District of Texas, Brownsville "in order for the case to be resolved due to the new pending charges."

The Court granted the request and transferred jurisdiction pursuant to 18 U.S.C. § 3605. *See,* ECF No. 66 (Transfer of Jurisdiction Order). As it states in the order transferring jurisdiction, the Court "expressly consents that this period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court." *Id.* The District Court of the Southern District of Texas accepted the transfer on April 13, 2016. *See, United States v. Avalos,* No. 16 CR 209, ECF No. 1 (S.D. Tex. Apr. 28, 2016).

On June 29, 2016, Judge Rolando Olvera of the Southern District of Texas revoked Avalos's probation and sentenced him to a term of imprisonment of 14 months. *See,* No. 16 CR 209, ECF No. 8 (S.D. Tex. June 29, 2016). Judge Olvera ordered this term of imprisonment to run concurrent with the 80-months sentence he imposed on Avalos for his illegal re-entry to the United States. *See, id.* and *United States v. Avalos,* No. 16 CR 102, ECF No. 33 (S.D. Tex. June 29, 2016).

## **ANALYSIS**

The Court finds that the order transferring jurisdiction to the Southern District of Texas divests it of jurisdiction to

entertain argument regarding the revoked supervised release. While the Seventh Circuit has not spoken on this particular issue, the Court finds persuasive the opinions of those that have.

Under the plain language of 18 U.S.C. § 3605, the Southern District of Texas, as the transferee court, "is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." 18 U.S.C. § 3605. In particular, the Southern District of Texas may "revoke the sentence of probation and resentence the defendant." 18 U.S.C. § 3565. This is despite the fact that the violations of the terms of supervised release that led to the revocation – the re-entry into the United States – occurred before the transfer of jurisdiction. *See, United States v. Adams,* 723 F.3d 687, 689 (6th Cir. 2013) ("We adopt the approach used by the Fifth, Eighth, Ninth, and Eleventh Circuits in holding that 18 U.S.C. § 3605 authorizes a transferee court to revoke a term of a defendant's supervised release for violations committed prior to the transfer of jurisdiction."); *United States v. King,* 608 F.3d 1122, 1126-28 (9th Cir. 2010) (holding the same and characterizing the holding as being in line with "the unanimous opinions of our sister circuits"); and *United States v. Bailey,* 257 F. App'x 210, 212 (11th Cir. 2007) (same).

Moreover, by giving the Southern District of Texas "all the powers" that this Court had, the Court loses its jurisdiction over Avalos. As the Eighth Circuit explained in *United States v. Clark,* 405 F. App'x 89, 92-93 (8th Cir. 2010), after a district court transfers jurisdiction to another court under 18 U.S.C. § 3605, "it no longer possessed jurisdiction over [the

probationer] because a transfer of jurisdiction means that the 'transferee court . . . take[s] full jurisdiction from the transferor court.'" *Clark,* 405 F. App'x at 92-93 (quoting *United States v. Fernandez,* 379 F.3d 270, 274-76 (5th Cir. 2004)). Other courts concur. *See, United States v. D'Amario,* 178 F. App'x 151, 152 (3d Cir. 2006) ("On May 2, 2003, the District of New Jersey transferred jurisdiction over D'Amario's supervised release pursuant to 18 U.S.C. § 3605 to the District of Rhode Island. . . . Thus, the District of New Jersey no longer has jurisdiction.") and *United States v. Dao,* No. 5:14-cr-00449-EJD, 2015 U.S. Dist. LEXIS 114849, at *3-4 (N.D. Cal. Aug. 27, 2015) ("[T]he Northern District of California accepted jurisdiction over Defendants' supervision on August 25, 2014. Jurisdiction to modify or terminate supervised release was therefore vested exclusively with the Northern District on that date."). In sum, insofar as Avalos is complaining about the revocation of his supervised release by the Southern District of Texas, his pleas must be directed to that court and not this one.

If Avalos instead is taking issue with the Court's Amended Judgment entered on July 15, 2015, the proper forum in which to raise that issue is with the Court of Appeals of the Seventh Circuit. This Court, like all district courts, may not modify a term of imprisonment once it has been imposed except under limited conditions that are not applicable in this case. *See,* 18 U.S.C.S. § 3582(c) and *United States v. Townsend,* 762 F.3d 641, 645-46 (7th Cir. 2014). Unfortunately for Avalos, the time for him to take an appeal to the Seventh Circuit has passed. *See,* FED. R. APP. PROC. 4(b).

Finally, even if there were an issue for this Court to hear, it cannot find any merit in Avalos's arguments. For instance, Avalos argues that "With this new amended sentence, petitioner would be in jeopardize *[sic]* to serve an additional 7 months and 22 days on top of his plea for 30 months." This is untrue. The seven months and 22 days sentence that the Court entered on July 15, 2015 was not "on top" of Avalos's 30-month sentence. Rather, the order corrected the 30-month sentence to reflect all the parties' understanding as to how long Avalos should be in prison. The correction allowed Avalos to be released from prison immediately and did not subject Avalos to double jeopardy of any sort. Likewise, the Court did not revisit Avalos's plea agreement in correcting the sentence. The correction effectuated the Court's intent to impose a lenient, below-guidelines sentence that was less than what the Government requested. The amended judgement, simply put, was in Avalos's favor.

## **CONCLUSION**

For the reasons stated herein, Defendant's Motion for Relief from Judgment [ECF No. 68] is denied.

Harry D. Leinenweber, Judge
United States District Court

Dated: December 23, 2016